# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| James Thao and Pa Vang,<br><br>         Plaintiffs,<br><br>v.<br><br>Nationwide Affinity Insurance Company of America,<br><br>         Defendant. | No. 7:17-cv-02403-AMQ<br><br>**OPINION AND ORDER** |

This matter is before the Court on the Motion to Dismiss or, in the alternative, Motion for Judgment on the pleadings (ECF No. 16) of Nationwide Affinity Insurance Company of America ("Defendant") and on the Motion for Summary Judgment (ECF No. 24) of James Thao and Pa Vang ("Plaintiffs"). Plaintiffs seek a declaration from this Court that insurance coverage applies to an automobile accident that occurred while Pa Vang was operating a motor vehicle despite there being an endorsement on the policy naming her as an excluded driver. Defendant's motion seeks a declaration that the named driver exclusion applies and that Defendant does not owe any coverage for claims arising out of the accident. After the matter was fully briefed, the Court held a hearing on May 4, 2018. At the hearing, both parties agreed that there were no remaining genuine issues of material fact when the affidavits and exhibits filed in connection with the motions were considered. After considering the written materials submitted and the arguments of counsel, the Court grants the Defendant's motion for judgment on the pleadings (ECF No. 16) and denies Plaintiffs' motion for summary judgment. (ECF No. 24.)

## BACKGROUND

According to Plaintiffs' Complaint, on January 9, 2016, James Thao applied for and purchased an auto insurance policy from Defendant Nationwide through a local agent. (ECF No. 1-1 at 3, ¶ 4.) The application for the insurance policy was prepared and signed by the agent. *Id.*

1

The application contained information about household residents and the identity of drivers. (ECF No. 26-1.) The application indicated that Thao was married to Pa Vang, and, at the time, Vang was unlicensed and had never had a license. (ECF No. 1-1 at 3, ¶ 5.)

Thao also signed a named driver exclusion form titled "Voiding Auto Insurance While Named Person Is Operating Car." (ECF No. 26-2.) The form provided in pertinent part:

> With this endorsement, all coverages in your policy are not in effect while PA Vang is operating any motor vehicle.
>
> This policy remains unchanged in all other respects.
>
> As indicated by my signature, I James Thao accept this endorsement.
>
> Check one:
>
> (X) The excluded person's driver's license has been surrendered to the State Highway Department.
>
> ( ) The excluded person has obtained insurance or other security to operate motor vehicles.

At some point, Pa Vang decided to apply for a license. On April 21, 2017, Pa Vang was taking the driving test with a DMV examiner in her vehicle when she was involved in a motor vehicle accident. (ECF No. 1-1 at 4, ¶¶ 10-12.) After the accident, James Thao presented a claim for physical damage to the motor vehicle and requested that Pa Vang be defended against liability claims arising from the accident. *Id*. at 4, ¶ 13. The claim was denied on the grounds that Pa Vang was excluded as an insured. *Id.* at 4, ¶ 14. Plaintiffs seek an Order from this Court declaring the insurance agreement and endorsement to be null and void and Defendant to be liable for the losses sustained by Plaintiffs and finding that Plaintiffs are entitled to actual and punitive damages.

**STANDARDS OF REVIEW**

**A. Motion to Dismiss for Failure to State a Claim**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556)). In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). However, a court "'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)) (modification in original). A court should grant a Rule 12(b)(6) motion if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

**B. Motion for Judgment on the Pleadings**

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions operate to "dispose of cases in which there is no substantive dispute that warrants

the litigants and the court proceeding further." *Lewis v. Excel Mech., LLC,* 2:13–CV–281–PMD, 2013 WL 4585873 at *1 (D.S.C. Aug. 28, 2013) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1368 (3d ed. 2010). "[A] motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." *Deutsche Bank Nat. Trust Co. v. I.R.S.*, 361 Fed. Appx. 527, 529 (4th Cir. 2010) (citation omitted). The Court may also consider documents incorporated by reference in the pleadings. *See Farmer v. Wilson Housing Authority*, 393 F. Supp. 2d 384, 386 (D.S.C. 2004); *see also* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). Like motions filed under Rule 12(b)(6), motions pursuant to Rule 12(c) call for the pleadings to be construed in the light most favorable to the non-moving party. *Burbach Broad. Co. v. Elkins Radio Corp.,* 278 F.3d 401, 405–06 (4th Cir. 2002). Accordingly, "[t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis v. Excel Mech., LLC,* 2:13–CV–281–PMD, 2013 WL 4585873 at *2 (D.S.C. Aug. 28, 2013) (quoting *John S. Clark Co., Inc. v. United Nat'l. Ins. Co.,* 304 F.Supp.2d 758, 763 (M.D.N.C. 2004)).

**C. Motion for Summary Judgment**

A court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). As recently articulated by the Fourth Circuit, at the summary judgment phase, "[t]he pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, No. 17-1503, 2018 WL 1916320, at *3 (4th Cir. Apr. 24, 2018) (internal citation and quotation marks omitted). Once a party has moved for summary judgment, "[t]he burden is on the nonmoving party to show that there is a genuine issue of material fact for trial ... by offering 'sufficient proof in the form of admissible evidence." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (quoting *Mitchell v. Data Gen. Corp.,* 12 F.3d 1310, 1316 (4th Cir. 1993). "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 (4th Cir. 2015). Therefore, courts must " 'view the evidence in the light most favorable to the nonmoving party' and refrain from 'weigh[ing] the evidence or mak[ing] credibility determinations.' *Id.* 780 F.3d at 568–69. A court improperly weighs the evidence "[b]y failing to credit evidence that contradict[s] some of its key factual conclusions," *Tolan v. Cotton*, ––– U.S. ––––, 134 S.Ct. 1861, 1868 (2014) (per curiam), or by failing to "draw reasonable inferences in the light most favorable to the [nonmoving party]," *Scott v. Harris*, 550 U.S. 372, 378 (2007). "Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## ANALYSIS

Defendant argues the named driver exclusion complies with the terms of South Carolina's named driver exclusion statute, S.C. Code Ann. § 38-77-340, and must be enforced as written and agreed upon by the parties to the contract. The statute requires a form approved by the Department of Insurance and signed by the named insured designating the person to be excluded. *Id.* The statute also provides in pertinent part:

> However, no natural person may be excluded unless the named insured declares in the agreement that (1) the driver's license of the excluded person has been turned in to the Department of Motor Vehicles, or (2) an appropriate policy of liability insurance or other security as may be authorized by law has been properly executed in the name of the person to be excluded.

S.C. Code Ann. § 38-77-340.

Plaintiffs concede that the form was approved by the Department of Insurance, was signed by Thao, and named Vang as the person to be excluded. However, Plaintiffs argue the named driver exclusion was improper because Vang had never had a license and, therefore, did not turn her license in to the DMV as referenced in subsection (1) above. Since Vang never had a license, Plaintiffs contend Vang was not eligible for exclusion under the statute. Further, they contend the endorsement should not be enforceable because the agent knew Vang had never had a license when Thao executed the named driver exclusion.

The motions before the Court hinge on S.C. Code Ann. Section 38-77-340. "It is axiomatic that statutory interpretation begins (and often ends) with the text of the statute in question." *Smith v. Tiffany*, 799 S.E.2d 479, 483 (S.C. 2017). "If a statute is clear and explicit in its language, then there is no need to resort to statutory interpretation or legislative intent to

determine its meaning." *Timmons v. South Carolina Tricentennial Comm'n*, 175 S.E.2d 805, 817 (S.C. 1970). "The text of a statute as drafted by the legislature is considered the best evidence of the legislative intent or will." *Transportation Ins. Co. v. S.C. Second Injury Fund*, 699 S.E.2d 687, 690 (S.C. 2010) (citation omitted).

"[T]he words found in the statute [must be given] their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation." *CFRE, LLC v. Greenville Cty. Assessor*, 716 S.E.2d 877, 881 (S.C. 2011) (citations omitted). "Thus, if the words are unambiguous, we must apply their literal meaning." *Id.* "If the legislature's intent is clearly apparent from the statutory language, a court may not embark upon a search for it outside the statute." *Hodges v. Rainey*, 533 S.E.2d 578, 582 (S.C. 2000) (citation omitted). "Under the plain meaning rule, it is not the court's place to change the meaning of a clear and unambiguous statute." *Id.* at at 581 (citation omitted).

The relevant language of section 38-77-340 is clear and unambiguous. The statute allows the named insured and the insurer to agree in writing that the policy will not be in effect while a vehicle is operated by a person properly excluded from coverage. The statute sets forth requirements for such an exclusion. It provides "no natural person may be excluded ***unless the named insured declares in the agreement that***" either the excluded person's license has been turned in or the excluded person has other applicable insurance. S.C. Code Ann. § 38-77-340 (emphasis added). Thus, by the plain terms of the statute, the named driver exclusion is enforceable so long as the named insured makes the declaration. Here, Thao signed the named driver exclusion making the required declaration. Therefore, the Court finds that, under the language of section 38-77-340, the policy excludes all coverage for damages arising from Vang's

operation of the vehicle. The facts argued by Plaintiffs are not material in light of the plain language of the statute.

The Court is not required to examine statutory construction when the statute is plain and unambiguous. *See Timmons*, 254 S.C. at 817 ("[L]egislative history only can be resorted to for the purpose of solving doubt, not for the purpose of creating it."). However, South Carolina's Supreme Court has found it "instructive to delve into the evolution" of a statute to determine legislative intent. The named driver exclusion statute at issue in this case was amended in 2005 by the South Carolina General Assembly in two significant ways. Under the previous version of the statute, an insurance agent or insurer (not the insured) was required to contact the state highway department and obtain an affidavit confirming that either the excluded person's license had been turned in or the excluded person had other insurance. Moreover, the prior version of the statute did not include the declaration requirement. Under the previous version of the statute, the enforceability of the exclusion depended on whether in fact the excluded person had a license and did not have other insurance.

The 2005 amendment removed both of these requirements. First, the 2005 amendment deleted the language that required the agent or carrier to verify the excluded person was either unlicensed or had other insurance. Further, the amendment no longer required that the excluded person be unlicensed or have other insurance. Under the new version, the named insured (not the agent or carrier) need only declare that the excluded person turned his or her license in or has other insurance. Thus, the South Carolina General Assembly determined that the enforceability of the exclusion was based on the content of the declaration rather than the truth of the content of the declaration.

8

South Carolina's appellate courts "have long acknowledged the presumption that in adopting an amendment to a statute, the Legislature intended to change the existing law." *Key Corporate Capital, Inc. v. County of Beaufort*, 644 S.E.2d 675, 678 (S.C. 2007); *see also North River Ins. Co. v. Gibson*, 137 S.E.2d 264, 266 (S.C. 1964) ("[T]he rule of construction that the adoption of an amendment which materially changes the terminology of a statute … raises a presumption that a departure from the original law was intended."). As applied to this case, the South Carolina General Assembly amended the former named driver exclusion statute from requiring as a factual matter that an excluded driver was unlicensed or had other insurance to, under the current statute, only requiring a declaration from the named insured to that effect. Because the General Assembly is presumed to have intended a change in the law by enacting this amendment, the statute must be applied according to its plain terms. Therefore, Thaos' declaration on the named driver exclusion form that his wife was unlicensed because she had turned it in to the highway department fulfills the statute's declaration requirement.

Another case from this District is instructive. In *United Financial Casualty Company v. Bostic*, 782 F. Supp. 2d 179 (D.S.C. 2011), the named insured declared in the named driver exclusion that the excluded driver had other insurance. That representation was not true. *Id*. at 181. Despite the fact that the representation in the declaration was untrue, the District Court found the named driver exclusion complied with the statute. "The Court finds that the 'Named Driver Exclusion Election completed by Squire Bostic is valid and complies with the requirements of S.C. Code Ann. § 38-77-340." *Id*. at 181. The same is true in this case. Thao's declaration complied with the statute. The exclusion should, therefore, be enforced.

**CONCLUSION**

Viewing the pleadings in the light most favorable to the Plaintiffs and accepting their allegations as true, the Court finds that the Plaintiffs' Complaint fails to state a claim for relief that is plausible on its face. Further, the Court finds there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law. The named driver exclusion complies with S.C. Code Ann. § 38-77-340 and must be enforced as written. Therefore, the Nationwide policy was not in effect at the time of the accident when Vang was operating the vehicle and Nationwide does not owe any coverage under the policy for claims arising out of the accident. Nationwide's Motion for Judgment on the Pleadings (ECF No. 16.) is **GRANTED**. Plaintiffs' Motion for Summary Judgment (ECF No. 24) is **DENIED**.

**AND IT IS SO ORDERED.**

                                                    **s/A. Marvin Quattlebaum, Jr.**
                                                    A. MARVIN QUATTLEBAUM, JR.
June 13, 2018                                UNITED STATES DISTRICT JUDGE
Greenville, South Carolina