IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| James Thao and Pa Vang, | ) | CA No. 7:17-cv-02403-AMQ |
| Plaintiff, | ) | |
| vs. | ) | |
| Nationwide Affinity Insurance Company of America; | ) | **ORDER AND OPINION** |
| Defendant. | ) | |

# I. INTRODUCTION

This matter is before the Court on the Motion to Reconsider (ECF No. 36) filed by James Thao and Pa Vang ("Plaintiffs") asking this Court to reconsider its Order of June 13, 2018 awarding judgment on the pleadings to Defendant Nationwide Affinity Insurance Company of America ("Nationwide") and holding that the named driver exclusion of Vang from coverage complied with section 38-77-340 of the South Carolina Code and should be enforced. (ECF No. 34) Plaintiff filed the present Motion to Reconsider on July 9, 2018. On July 12, 2018, Defendant filed a Response in Opposition to the Motion for Reconsideration. (ECF No. 37) For the reasons set forth below, the Plaintiffs' Motion to Reconsider is denied.

# II. STANDARD OF REVIEW

Under Rule 59(e), a Court may reconsider a prior judgment (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct a clear error of law or prevent manifest injustice. Fed. R. Civ. P. 59(e); *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F. 3d 396, 403 (4th Cir, 1998). A motion to reconsider

1

should not be used to raise new arguments that could have been raised before an order or judgment was entered. *Id*. Plaintiffs' motion will be analyzed under this standard.

### III. ANALYSIS

Plaintiffs make four arguments in support of their Motion to Reconsider. (ECF No. 36) The Court will address each argument below.

1.

First, Plaintiffs assert the Court's Order does not state that Nationwide's agent initiated and suggested the endorsement. (ECF No. 36 at 1-2) Plaintiffs contend this fact omission means that the exclusion did not comply with section 38-77-340. *Id*. Plaintiffs do not, however, explain how their argument satisfies the three potential avenues of relief under Rule 59(e). Turning to those avenues, it is clear that the alleged omitted fact does not constitute an intervening change of controlling law and is not new evidence not available at trial. The Rule 59(e) provision that seems most potentially applicable is "to correct an error at law or manifest injustice." Fed. R. Civ. P. 59(e). But the standard for this provision is high. As recently articulated by the Fourth Circuit Court of Appeals, "[a] prior decision does not qualify for th[e] third exception by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong." *U.S. Tobacco Coop. Inc. v. Big South Wholesale of Va.*, LLC, 2018 WL 3677555, --- F.3d ---- (Aug. 3, 2018) (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)); *see also United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 804 F.3d 646, 657 (4th Cir. 2015); *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

2

Applying Plaintiffs' first argument to this standard, Plaintiffs are correct that the Order does not contain the precise statement about which Plaintiffs complain. However, the Order provides "[t]he application for the insurance policy was prepared and signed by the agent." (ECF No 34 at 1) Further, the Order provides "[Plaintiffs] contend the endorsement should not be enforceable because the agent knew Vang had never had a license when Thao executed the named driver exclusion." *Id*. at 6. In considering these facts, the Court considered the role of the agent in the endorsement. While the statement raised by Plaintiffs contains additional information on this issue, the new information is minimal and would not change the Court's analysis. Further, this statement does not meet the criteria for a Rule 59(e) motion to reconsider described above.

2.

Plaintiffs' second argument was not made at any time previously in this case. Plaintiffs claim that Thao did not actually make the declaration required by section 38-77-340 because Thao signed the endorsement prior to Vang's execution of the exclusion. Plaintiffs' claim is based on the fact that Thao signed on a line of the endorsement above the exclusion and the agent signed on a line below the exclusion. Because of this, Thao now claims "[a]rguably the agent made the exclusion, not Thao." (ECF No. 36 at 2) Plaintiffs argue that assertion means that the endorsement did not comply with section 38-77-340 and should, therefore, not be enforced. *Id*.

Once again, Plaintiffs do not explain how this argument meets any of the requirements of Rule 59(e). Plaintiffs do not allege the argument is to accommodate an intervening change in controlling law. Plaintiffs do not allege that this information is new evidence or that it was not

available previously. Indeed, if Thao did not sign the endorsement with the exclusion executed, he would have known this at the beginning of the case.

Additionally, this argument is contradicted by previous filings of Plaintiffs. The allegations in paragraphs 5 and 7 of Plaintiffs' Complaint conflict with this new position. (ECF No. 1 at 2-3) Plaintiffs are not permitted to amend facts previously pled in their Complaint through briefs. *Corley v. Centennial Const. Co.*, 146 S.E. 2d 609, 614 (S.C. 1966); *Stahlman v. United States*, 995 F. Supp. 2d 446, 614 (D. Md 2014); *Car Carriers, Inc. v. Ford Motor Com.* 745 F2d, 1101, 1107 (7th Cir. 1984). Further, Thao even executed an affidavit in the case where he discusses his interaction with the agent over the endorsement. (ECF No. 24) In the affidavit, Thao does not mention this fact he now claims to exist. Evidence available to Plaintiffs prior to the hearing should not be used to grant a motion to reconsider. *Boryan v. United States*, 884 F 2d. 767, 771-73 (4th Cir. 1989).

Last, Plaintiffs' argument does not correct an error of law or manifest injustice. At the May 4, 2018 hearing, both parties stated that there were no genuine issues of material fact and that the matter was ripe for judgment as a matter of law. However, Plaintiff's new position seems to suggest that Plaintiffs now contend that there was a genuine issue of material fact over who executed the endorsement. (ECF No. 36 at 2-3) Even if Plaintiff's new argument is considered, it would fail to create a genuine issue of material fact. Even at this late date, Plaintiffs have failed to offer evidence in the form of an affidavit that the agent, and not Thao, executed the endorsement. Instead, Plaintiffs merely assert that "arguably the agent made the declaration" and "it appears the agent made the declaration." (ECF No. 36 at 2) These statements without evidentiary support do not create genuine issues of material fact.

Finally, a review of the face of the document is at best inconclusive on the issue of who signed the endorsement first. (ECF No. 16-1) Thao's signature is immediately above the check indicating the exclusion. The Court sees nothing from the location of Thao's signature relative to the exclusion creates a genuine issue of material fact that Thao did not make the declaration. There certainly is nothing that rises to the level of a manifest error in need of correction.

In summary, Plaintiffs' second argument does not relate to a change in controlling law, involve new evidence not available previously or correct a clear error or law or prevent manifest injustice. As such, it is not proper for a Rule 59(e) motion to reconsider.[1]

3.

Third, Plaintiffs argue that the Court should reconsider its judgment for Nationwide on Plaintiffs' cause of action for waiver. Plaintiffs claim that even if the endorsement complies with section 38-77-340, Nationwide waived its right to rely on the statute through its knowledge that Vang did not previously have a license. (ECF No. 36 at 2-3) The Court disagrees. Again Plaintiffs do not allege how this argument meets any of the three potential grounds for relief under Rule 59(e). The only potentially applicable provision under Rule 59(e) to this argument is that reconsideration is needed to correct a clear mistake of law or manifest injustice. However, there was not and is not evidence in the record that created a genuine issue of material fact on this claim. *Provident Life and Acc. Ins. Co. v. Driver*, 451 S.E. 2d 924, 928 (S. C. Ct. App. 1994)

---

[1] Defendant argues that Plaintiffs' new position fails for a separate, independent reason. Defendant claims the current declaration at issue (ECF No. 24-4) satisfies the purpose of the exclusion statute. (ECF Nos. 37 at 10-11) Defendant asserts the legislative intent of the declaration requirement of the exclusion statute is to ensure that either the excluded driver is unlicensed or the excluded person has other insurance. *Id*. Defendant further asserts that it is undisputed that Vang was not licensed when James Thao signed the declaration. *Id*. Although Nationwide may be correct on this point, the Court's June 13, 2018 Order and this Order are based primarily on the text of the statute.

(holding waiver his the voluntary and intentional relinquishment of a known right). Further, "waiver cannot create coverage and cannot bring into existence something not covered in the policy." *Laidlaw Environmental Services (TOC), Inc. v. Aetna Cas. & Sur. Co. of Illinois*, 524 S.E. 2d 847, 852 (S.C. Ct. App. 1999). According, this third argument fails to meet the required standard for the Court to reconsider its Order.

4.

Last, Plaintiffs argue that the Court should reconsider its judgment in favor of Nationwide on Plaintiffs' sixth cause of action for bad faith. Plaintiffs argue that even if the declaration complies with section 38-77-340, the agent's role with the declaration constitutes bad faith and is binding on Nationwide. (ECF No. 36 at 3) The Court disagrees. First, as with all of Plaintiffs' arguments, Plaintiff does not allege how this argument meets any of the requirements of Rule 59(e). The only potential ground for reconsideration under Rule 59(e) implicated by their argument is the need to correct a clear error of law or manifest injustice. However, under South Carolina law, the elements of a bad faith claim are (1) the existence of a mutually binding contract, (2) a refusal by the insurer to pay benefits due under the contract, (3) resulting from insurer's bad faith or unreasonable action in breach of the implied covenant of good faith in the contract and (4) causing damages to the insured. *Pitts v. Jackson Nat. Life Ins. Co*. 574 S.E. 2d 502, 513 (S.C. Ct. App. 2002). There was not and is not evidence in the record that creates a genuine issue of material fact on this claim. There certainly is no evidence of manifest injustice. Therefore, the Court finds that this fourth argument fails to meet the standard for reconsideration under Rule 59(e).

## IV. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that Plaintiff's Motion to Reconsider (ECF No. 36) is DENIED.

IT IS SO ORDERED.

/s/ A. Marvin Quattlebaum, Jr.
August 22, 2018　　　　　　　　　　　　　　　　United States District Judge
Greenville, South Carolina